(14 Misc. Rep. 17.)

## McCULLOUGH v. SHAPIRO et al.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

ACTION FOR GOODS SOLD—EVIDENCE AS TO QUALITY—SUFFICIENCY.

In an action for the price of a pump, it appeared that plaintiff agreed to remove the pump if it .was declared by an expert to be other than as represented. Plaintiff testified that the pump was as represented, and a witness for defendant, who claimed to be an expert, and who had examined the pump two days before the trial, testified that it was not. There was some question as to whether the witness was an expert, and plaintiff learned for the first time on the trial his opinion regarding the pump. *Held,* that a finding that the pump was as represented would not be disturbed.

Appeal from First district court.

Action by Edward McCullough against Harris Shapiro and another for work done and materials furnished. Judgment was rendered for plaintiff, and defendants appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Albert L. Phillips, for appellants.
William J. A. Caffrey, for respondent.

BISCHOFF, J. Plaintiff's claim was for the agreed price of a pump, furnished by him to the defendants, and the value of work done at their request, together with some small items for fittings. It is contended that the pump did not accord in quality with the agreement. As to this there is merely a fair conflict of evidence, with which we have not to do. A point is made that plaintiff was bound by a certain admission that he had agreed to remove the pump, should it be declared by "an expert" to be otherwise than as represented. The declarations of the "expert" relied upon are those of a witness, called at the trial by the defendants, by whose testimony the plaintiff's evidence as to the quality of the pump was contradicted; such witness having been called upon by defendants to examine the pump for the first time within one or two days before the trial. It is not at all clear that the justice was bound to find this witness "an expert," nor to credit his testimony, as against the plaintiff's. Moreover, it was but reasonable to infer that the plaintiff's statement, above noted, intended, at least, that the expert's identity and the time of the examination should have been disclosed to him in advance of the trial, and the expert's opinion made the basis of a demand that the pump be removed. Again, it is contended that the labor sued for was expended in installing the pump, which service was to have been rendered without payment. The express testimony of the plaintiff, however, appears in support of the finding that this work was done entirely apart from any connected with the pump. The record is found to uphold the recovery with regard to the value of each item sued for, and, no other questions appearing in the case, the judgment must be affirmed, with costs.